Alberto BOERO, Plaintiff–Appellant,

v.

**DRUG ENFORCEMENT ADMINISTRATION, Defendant–Appellee,**

No. 518, Docket 96–2158.

United States Court of Appeals, Second Circuit.

Submitted Jan. 23, 1997.

Decided April 14, 1997.

Alberto Boero, Fort Dix, NJ, pro se.

Deborah R. Slater, Assistant U.S. Attorney, Hartford, CT (Christopher F. Droney, United States Attorney, Carl L. Schuman, Assistant United States Attorney, District of Connecticut, on the brief), for Defendant–Appellee.

Before OAKES, KEARSE and JACOBS, Circuit Judges.

JACOBS, Circuit Judge:

Alberto Boero, *pro se,* appeals from a judgment of the United States District Court for the District of Connecticut (Covello, *J.*) dismissing his complaint. The complaint seeks the return of $1799.46 in currency seized from Boero upon his arrest, and administratively forfeited by the Drug Enforcement Administration ("DEA") on January 31, 1991. Upon Boero's motion for summary judgment, the district court found that the DEA had provided inadequate notice of the seizure and of its intent to effect forfeiture, but dismissed Boero's complaint nevertheless, directing the DEA to recommence administrative forfeiture proceedings. In light of the finding that inadequate notice was given to the likely claimant, who was known by the DEA to be in custody, we conclude that the dismissal was erroneous, and we remand for further proceedings on the merits of Boero's forfeiture claim.

## BACKGROUND

Boero was arrested on October 25, 1990, pursuant to a federal arrest warrant and criminal complaint charging him with violations of federal narcotics laws. Boero ultimately entered a plea of guilty to distribution of cocaine and conspiracy to commit kidnapping.

At the time of Boero's arrest, $1799.46 in currency and a wallet were seized from him pursuant to 21 U.S.C. § 881. The DEA thereafter sent notices of seizure to Boero's residence and to his assumed place of incarceration, pursuant to 19 U.S.C. § 1607. Boero had been arrested on a federal warrant, held in a federal facility, and then transferred to a state prison. The notices were sent to the federal facility, and came back marked "Return to Sender," after which no further notice of forfeiture was sent. The DEA also published notice for three successive weeks in USA Today, pursuant to 21 C.F.R. § 1316.75. On January 31, 1991, no claims having been filed for the property, the DEA declared the property administratively forfeited to the United States under 19 U.S.C. § 1609.

On April 13, 1994, Boero filed a civil complaint against the DEA seeking return of his wallet and the currency.[1] On September 6, 1994, the DEA filed a response and opposition to the complaint, arguing for dismissal on the grounds that the wallet had been returned to Boero and that the cash had been forfeited according to law.

On August 30, 1995, Boero moved for summary judgment under Fed.R.Civ.P. 56(e), abandoning his claim as to the wallet and arguing (i) that there was no genuine issue of material fact for trial as to the DEA's failure to notify him that the money was subject to forfeiture, and (ii) that the failure of notice justified the return of his property as equitable relief. Boero's supporting affidavit averred that the currency was his "own personal funds and had nothing to do with any drug transaction."

In response, the DEA conceded that Boero had never received proper notice of the DEA's intent to forfeit the seized funds, but argued that the only appropriate relief was to treat Boero's motion as a timely but unperfected administrative claim under 19 U.S.C. §§ 1603(b) and 1608. In short, the DEA argued that Boero could not recover the money in district court, and must be consigned to an administrative claim.

The district court agreed with the DEA, granting Boero's motion in part and denying it in part. Thus the district court found that the DEA had failed to comply with the applicable notification provisions, but ruled that Boero's remedy was to proceed with "any

---

1. Although the heading of the complaint reads "42 U.S.C. § 1983," both parties refer to this complaint throughout the record as a motion under Fed.R.Crim.P. 41(e), which provides a method for return of seized property in a criminal case. Because criminal proceedings were no longer pending against Boero at the time of his district court filing, the complaint was construed by the district court as a civil claim seeking return of the seized property. *See Onwubiko v. United States,* 969 F.2d 1392, 1397 (2d Cir.1992) ("Where criminal proceedings against the movant have already been completed, a district court should treat a rule 41(e) motion as a civil complaint.").

applicable administrative claims to recover the $1799.46," and directed the DEA to give Boero notice of the administrative claim procedures. On appeal, the DEA and Boero renew the arguments they presented to the district court.

## DISCUSSION

Section 881 of U.S.C. Title 21, which is part of the Comprehensive Drug Abuse Prevention and Control Act, Pub.L. 91–513, Title II, § 511, 84 Stat. 1276 (1970) (the "Act"), authorizes the civil forfeiture of funds that are the proceeds of drug transactions.[2] *Torres v. $36,256.80 U.S. Currency,* 25 F.3d 1154, 1155 (2d Cir.1994). For property valued at $500,000 or less, the DEA may follow an administrative forfeiture process governed by the customs laws. 19 U.S.C. § 1607; 21 U.S.C. 881(d); *Torres,* 25 F.3d at 1156. *See generally United States v. Idowu,* 74 F.3d 387, 394 (2d Cir.), *cert. denied,* —— U.S. ——, 116 S.Ct. 1888, 135 L.Ed.2d 182 (1996); 21 C.F.R. 1316.71–.81. An administrative forfeiture is commenced by the publication of notice. *See* 19 U.S.C. § 1607; 21 C.F.R. § 1316.75. In addition, the DEA must send notice to every party who has an interest in the property.[3] 19 U.S.C. § 1607. Within twenty days from the date of the first publication of the notice of seizure, a claimant who has received constitutionally adequate notice of intent to forfeit can judicially contest the forfeiture by filing a claim with the DEA, and a cost bond (in the "penal sum of $5,000 or 10 percent of the value of the claimed property, whichever is lower, but not less than $250"), or a declaration of an inability to file the cost bond. 19 U.S.C. § 1608; 28 C.F.R. §§ 9.1–9.7; 21 C.F.R. §§ 1316.75–.76. Generally, if no claim or cost bond is filed, or if a petition to waive the bond is not filed or is denied and not appealed, then an administrative forfeiture occurs by default. 19 U.S.C. § 1609; 21 C.F.R. § 1316.77.

■■■ Proper and timely filing stops the administrative forfeiture process, and requires the seizing agency to refer the matter to the United States Attorney for the district where the property was seized in order to institute judicial forfeiture proceedings. 19 U.S.C. §§ 1603(b), 1608; 21 C.F.R. §§ 1316.76(b), 1316.78. In judicial proceedings (unlike the administrative proceedings), the DEA is required to show probable cause for the forfeiture. *United States v. $37,780 in U.S. Currency,* 920 F.2d 159, 162 (2d Cir.1990); *see also* 21 U.S.C. § 881(b)(4). The burden of proof then shifts to the claimant to demonstrate that the property belongs to him, is not drug money, and is therefore not forfeitable. *See $37,780 in U.S. Currency,* 920 F.2d at 164.

■■■ In *Onwubiko v. United States,* 969 F.2d 1392, 1398 (2d Cir.1992), we explained that an administrative forfeiture ordinarily removes the subject matter of the action—the property or res—from the district court,

---

2. 21 U.S.C. § 881 provides in pertinent part:
   (a) The following shall be subject to forfeiture to the United States and no property right shall exist in them:
       \*    \*    \*    \*    \*    \*
   (6) All moneys ... furnished or intended to be furnished by any person in exchange for a controlled substance ..., all proceeds traceable to such an exchange, and all moneys ... used or intended to be used to facilitate any violation of this subchapter....
   (b) Any property subject to civil forfeiture to the United States under this subchapter may be seized by the Attorney General upon process issued pursuant to the Supplemental Rules for Certain Admiralty and Maritime Claims by any district court of the United States having jurisdiction over the property....
       \*    \*    \*    \*    \*    \*
   (d) The provisions of law relating to the seizure, summary and judicial forfeiture, and condemnation of property for violation of the customs laws ... shall apply to seizures and forfeitures incurred, or alleged to have been incurred, under any of the provisions of this subchapter....

3. Department of Justice Directive No. 93–4, effective March 1, 1993, provides that under § 1607, interested parties known at the time of seizure must receive written notice within sixty days of the seizure. Where a reasonable effort to give notice has not been made within the sixty-day period and no waiver has been obtained, the seized property must be returned to the owner and the forfeiture proceeding must be terminated.

and thereby deprives the court of jurisdiction to review administrative decisions once the administrative process has begun. An exception to this rule is when property is taken accidentally, fraudulently, or improperly. In actions asserting such a claim, the district court has jurisdiction to correct the deficiency.[4] *Id.* Boero's complaint that his property was taken improperly—without proper notice—correctly invoked district court jurisdiction.[5] The court's findings concerning the impropriety of the forfeiture gave the court power to correct the deficiency. *See id.* The court, however, did not correct the deficiency, and instead allowed Boero to pursue an administrative remedy, over five years from the date of the initial seizure, as if an improper forfeiture had never occurred. (Ordinarily, forfeiture proceedings under the customs laws must be commenced within five years after the time when the alleged offense was discovered. *See* 19 U.S.C. § 1621; 21 U.S.C. § 881(d)).

Consignment of Boero to his administrative remedy is contrary to this Circuit's civil forfeiture case law. In *Torres*, for example, we remanded for a trial on the merits of the forfeiture challenge because an administrative forfeiture was effectuated without adequate notice to the property owner. 25 F.3d at 1158, 1161. The claimant had written to the DEA, asking that the seizure warrant be lifted from her property; the DEA denied her request on the ground that her claim, filed after the conclusion of the forfeiture, was untimely. *Id.* at 1156. We reversed on the ground that the claimant's default had been caused by the DEA's constitutionally inadequate notice. Rather than allow the DEA to begin administrative proceedings anew upon a proper notice, we held that the claimant's court challenge to the forfeiture was not foreclosed. *Id.* at 1160–61.

In *United States v. Giovanelli*, a forfeiture was found to be "a nullity in view of the government's utter failure to make the slightest effort to notify defendant of the forfeiture action." 998 F.2d 116, 119 (2d Cir.1993). Because the government had not contested the claimant's ownership of the property but had only challenged his right to bring the action—an issue decided in the claimant's favor—we reversed the district court's denial of the defendant's claim for return of the seized currency, reached the merits of the claim, and awarded Giovanelli return of his property. *Id.* at 119–120. In so doing, we explained that if there had been an issue regarding the forfeiture that had not been conclusively determined, we would have remanded the case to the district court for

---

4. Procedurally deficient forfeitures can also be challenged under the Tucker Act, which gives district courts original jurisdiction over various claims against the United States that do not exceed $10,000. 28 U.S.C. § 1346(a)(2). We have noted that although a Tucker Act claim does not create any substantive right enforceable against the United States for money damages, a challenge against a seizing agency may be read as a claim alleging intentional deprivation of property without due process of law. *Onwubiko,* 969 F.2d at 1398–99 (citing *Bivens v. Six Unknown Named Agents,* 403 U.S. 388, 91 S.Ct. 1999, 29 L.Ed.2d 619 (1971)). *See also Muhammed v. DEA,* 92 F.3d 648, 654 at n. 7 (8th Cir.1996).

   Challenges to administrative forfeiture proceedings have also been construed as arising under the Administrative Procedure Act ("APA"), 5 U.S.C. § 702 (claims challenging agency action made reviewable by statute or final agency action for which there is no other remedy in a court); the Federal Tort Claims Act ("FTCA"), 28 U.S.C. § 2671 *et seq.;* and 28 U.S.C. § 1331 (federal question jurisdiction). *See, e.g., United States v. Giraldo,* 45 F.3d 509, 511 (1st Cir.1995) (federal question); *Marshall Leasing, Inc. v. United*

*States,* 893 F.2d 1096, 1102 (9th Cir.1990) (same); *Mullins v. United States,* No. 96 Civ. 0241, 1997 WL 55946, at *2 (S.D.N.Y. Feb. 11, 1997) (APA and FTCA); *Vasquez v. United States,* No. 94 Civ. 7580, 1996 WL 692001, at *2 (S.D.N.Y. Dec.3, 1996) (same).

5. Such actions are subject to the general six-year statute of limitations for suits brought against the United States found in 28 U.S.C. § 2401, which provides in relevant part that: "Except as provided by the Contract Disputes Act of 1978, *every* civil action commenced against the United States shall be barred unless the complaint is filed within six years after the right of action first accrues." 28 U.S.C. § 2401(a) (emphasis added). *See Concepcion v. United States,* 938 F.Supp. 134, 139 (E.D.N.Y.1996) (due process challenge to administrative forfeiture subject to six-year statute of limitations set forth in 28 U.S.C. § 2401(a)).

   The action was timely filed on April 13, 1994, less than four years from October 25, 1990 (the date of seizure), the earliest possible time that the six-year limitations period could have begun to run.

further proceedings, "including proper pleadings and adjudication of defendant's entitlement to the seized funds." *Id.* at 119.

Further, in *Onwubiko,* we concluded that an administrative forfeiture of currency had been improperly effectuated, because · the DEA had conditioned a claimant's right to avoid the DEA's discretionary powers (and to put the DEA to its proof in court) upon his payment of a cost bond; the DEA should have known that payment was impossible, given that the DEA held all of his money. 969 F.2d at 1399. In light of the DEA's responsibility for the procedural deficiency, we held that the claimant was entitled to contest the forfeiture directly in district court. *Id.*

■ These cases support the view that, when the government is responsible for a known claimant's inability to present a claim, through the government's disregard of its statutory obligation to give notice (or otherwise), a hearing on the merits is available in the district court. As we stated in *Giovanelli,* these statutes "give the government vast and important powers, but they must be exercised in the precise manner the statutes provide." 998 F.2d at 119 (citing *United States v. One Ford Coach,* 307 U.S. 219, 226, 59 S.Ct. 861, 865, 83 L.Ed. 1249 (1939) ("Forfeitures are not favored; they should be enforced only when within both the letter and spirit of the law.")).

The DEA argues that the claimants in *Onwubiko* and *Torres,* unlike Boero, attempted to file claims with the DEA before commencing an action in district court. The DEA asserts that we "should not allow Boero to bypass the administrative forfeiture process completely." Appellee Br. at 5. But *Onwubiko* and *Torres* do not treat that circumstance as dispositive. In those cases, we focused on the government's responsibility for the defective administrative proceeding. *See Onwubiko,* 969 F.2d at 1399 ("Reviewing the record on appeal, we conclude that Onwubiko is entitled to contest the forfeiture directly in district court, despite his failure to post a costs bond of $250. We lay the blame for this omission at the government's, not Onwubiko's doorstep."); *Torres,* 25 F.3d at 1161 (remanding to district court for a trial

on the merits, noting that "the DEA knew its letters had not succeeded in notifying [the property owner]").

The DEA's second attempt at distinguishing *Onwubiko* and *Torres* is that the district court in those cases had ruled that the potential claimants had presented triable issues of fact concerning whether the property in question was subject to forfeiture, whereas Boero has "not even made a preliminary showing that the currency was not drug proceeds." Appellee Br. at 6. This argument fails. First, our rulings did not depend on any findings concerning the existence of a colorable claim to the property. In *Onwubiko,* we expressly stated that "we do not know what a full trial will develop; we do not even know whether the government will be able to make its featherweight initial showing that the currency was used to 'facilitate' the drug offense." 969 F.2d at 1399. In any event, Boero cannot be expected or required to demonstrate a meritorious claim at this stage because the DEA bears the initial burden of proof in a forfeiture proceeding. *See United States v. 19 and 25 Castle Street,* 31 F.3d 35, 39 (2d Cir.1994).

The DEA primarily relies on *United States v. One 1987 Jeep Wrangler Auto.,* 972 F.2d 472, 482 (2d Cir.1992), in which we found a due process violation and remanded to the DEA for administrative proceedings. There, the DEA violated the due process rights of a vehicle owner when it failed to accept his notice of claim, arbitrarily treating it as having been filed in response to a forfeiture proceeding that had been abandoned, rather than in connection with a second forfeiture, as to which no notice had yet been given. *Id.* at 480–82. We directed the DEA to accept the notice of claim in connection with the second forfeiture proceeding, and to evaluate it in the applicable administrative forfeiture proceedings. *Id.* at 482. Our remand for further administrative proceedings followed a finding that notice was given to the Jeep owner and that his early notice of claim, although technically deficient, demonstrated sufficient interest in the property as well as an attempt to invoke administrative procedures; therefore, the DEA should not have refused to consider his claim. *Id.* at 481.

The claimant challenging the forfeiture was well aware of the nature of administrative proceedings: he had already received notice of seizure of some of his property. *Id.* at 481–82. This clearly does not describe Boero's situation, as Boero received no notice whatsoever that would have given him an indication of the nature of administrative forfeiture proceedings, or that would have prompted him to file a notice of claim.

District courts interpreting our rulings up to this point have taken various approaches to remedying a due process violation in an administrative forfeiture proceeding. *Compare Montgomery v. Scott,* 802 F.Supp. 930, 937 (W.D.N.Y.1992) (where administrative forfeiture void for lack of notice, judgment set aside "without prejudice to the DEA commencing another administrative forfeiture proceeding consistent with the requirements of the law") *with Application of Mayo,* 810 F.Supp. 121, 125 (D.Vt.1992) (where administrative forfeiture procedurally deficient for lack of notice, claimant entitled to equitable remedy of return of property).[6]

Boero was a prisoner in custody, having been transferred to his place of incarceration directly from a federal facility, and notice could easily have been given to him; the notice was indisputably inadequate and the district court has found (as the DEA conceded) that the DEA was responsible for the failure of notice. Under our prior rulings, Boero's remedy is to restore his right to seek a hearing in district court, a right he evidently wishes to exercise. We therefore vacate the judgment to the extent that the DEA was directed to commence administrative for-

feiture proceedings, and direct the district court to consider Boero's claim on the merits.

---

6. The First and Eighth Circuits have ruled that when notice of administrative forfeiture is inadequate, the district court must set aside the forfeiture and either order return of the seized property or direct the government to commence judicial forfeiture in district court. *See, e.g., United States v. Volanty,* 79 F.3d 86, 88 (8th Cir.1996); *United States v. Giraldo,* 45 F.3d 509, 512 (1st Cir.1995); *United States v. Woodall,* 12 F.3d 791, 795 (8th Cir.1993). The Federal Circuit has held that a district court can excuse a property owner's failure to comply with the statutory requirements when notice in an administrative forfeiture proceeding is inadequate. *Litzenberger v. United States,* 89 F.3d 818, 822 (Fed.Cir.1996).

The Ninth Circuit, upon ruling that a district court has jurisdiction over due process challenges to administrative forfeiture proceedings under 28 U.S.C. § 1331, remanded the case for an adjudication on the merits. *Marshall Leasing,* 893 F.2d at 1103. The Fifth Circuit, in *Armendariz–Mata v. DEA,* 82 F.3d 679, 683 (5th Cir.), *cert. denied,* —— U.S. ——, 117 S.Ct. 317, 136 L.Ed.2d 232 (1996), having found notice in an administrative forfeiture proceeding to be insufficient, directed the district court to vacate the DEA's administrative forfeiture without providing further instructions or comment.

