Stephen Anthony BROWN, Plaintiff,

v.

UNITED STATES of America,
Defendant.

Nos. S90CR.115(PKL), 98
Civ. 1292(PKL).

United States District Court,
S.D. New York.

June 18, 2002.

Stephen Anthony Brown, New Brunswick, NJ, plaintiff Pro se.

## MEMORANDUM ORDER

LEISURE, District Judge.

*Pro se* plaintiff Stephen Anthony Brown moves to compel the return of funds seized from him upon his arrest, and administratively forfeited by the Drug Enforcement Administration ("DEA") on December 8, 1989. Brown contends the DEA illegally confiscated the funds in violation of 21 U.S.C. § 881. The government argues it provided reasonable notice to Brown. For the following reasons, plaintiff's motion is denied.

### BACKGROUND

On or about September 7, 1989, law enforcement officers at the Dallas/Ft. Worth Airport observed Stephen Brown engaging in a series of suspicious acts and approached him.[1] *See* Government's Memorandum of Law In Opposition to Defendant's Motion to Compel the Return of Property, August 20, 2001 ("Gov.Opp."), at

1. DEA agent reports cite the date of this incident as September 13, 1989.

1. With Brown's consent, the officers conducted a search, during which they found $43,400. *See id.* The money was seized as narcotics proceeds after drug-sniffing dogs responded positively to the currency and it was held for DEA forfeiture proceedings in accordance with 21 U.S.C. § 881.[2] *See id.* at 1–2. Because of a prior narcotics conviction, Brown was deported to Jamaica on or about October 11, 1989. *See id.* at 2.

On October 24, 1989, a notice of seizure with respect to the $43,400 was sent by certified mail to Brown's residence, pursuant to 19 U.S.C. § 1607.[3] *See* Affidavit of Forfeiture Counsel of the DEA John Hieronymus, Esq., sworn to on Aug. 6, 2001 ("Hieronymus Aff."), at ¶ 4(b); Ex. 1. Brown's wife, Paula Brown, signed for the notice on November 10, 1989. *See* Hieronymus Aff. at ¶ 4(b); Ex. 2. The DEA also published notice for three successive weeks in *USA Today*, pursuant to 21 C.F.R. § 1316.75.[4] *See id.* at ¶ 4(c); Ex. 3. On December 8, 1989, because no claims had been filed for the $43,400, the DEA administratively forfeited the funds under 19 U.S.C. § 1609.[5] *See id.* at ¶ 4(d); Ex. 4.

On November 24, 1997, Brown, acting *pro se*, filed a motion pursuant to Rule 41(e) of the Federal Rules of Criminal Procedure seeking the return of his property.[6] On August 20, 2001, the govern-

---

2. 21 U.S.C. § 881 provides that:
   (a) The following shall be subject to forfeiture to the United States and no property right shall exist in them:
   (6) All moneys ... furnished or intended to be furnished by any person in exchange for a controlled substance ... all proceeds traceable to such an exchange, and all moneys ... used or intended to be used to facilitate any violation of this title....
   (b) Any property subject to civil forfeiture to the United States may be seized by the Attorney General upon process issued pursuant to the Supplemental Rules for Certain Admiralty and Maritime Claims by any district court of the United States having jurisdiction over the property....
   (d) The provisions of law relating to the seizure, summary and judicial forfeiture, and condemnation of property for violation of the customs laws ... shall apply to seizures and forfeitures incurred, or alleged to have been incurred, under any of the provisions of this title....

3. 19 U.S.C. § 1607(a)(1) provides that: If the value of such seized [articles] does not exceed $500,000 ... the appropriate customs officer shall cause a notice of the seizure of such articles and the intention to forfeit and sell or otherwise dispose of the same according to law to be published for at least three successive weeks in such manner as the Secretary of the Treasury may direct. Written notice of seizure together with information on the applicable procedures shall be sent to each par-

ty who appears to have an interest in the seized article.

4. 21 C.F.R. § 1316.75 provides that:

   (a) If the appraised value does not exceed the monetary amount set forth in 19 U.S.C. § 1607 ... the custodian or DEA Asset Forfeiture Section shall cause a notice of the seizure and of the intention to forfeit and sell or otherwise dispose of the property to be published once a week for at least three successive weeks in a newspaper of general circulation in the judicial district in which the processing for forfeiture is brought.
   (b) The notice shall:
   (3) State that any person desiring to claim the property may, within 20 days from the date of first publication of the notice, file ... a claim to the property....

5. 19 U.S.C. § 1609(a) provides that: If no claim is filed or bond given within the twenty days hereinbefore specified, the appropriate customs officer shall declare the [property] forfeited....

6. Brown was arrested in February 1990 for the crimes of illegal reentry into the United States, conspiracy to commit cocaine distribution, and possession of cocaine with intent to distribute. However, it should be noted that while this complaint was initially construed as a Rule 41(e) motion, because criminal proceedings were no longer pending

ment filed its opposition to the motion, arguing for dismissal on the grounds that the money had been properly forfeited according to legal precedent and administrative procedure.

## DISCUSSION

### I. Statute of Limitations

■ At the outset, the Court notes that plaintiff's motion is time-barred. Actions seeking to correct a procedurally deficient forfeiture are "subject to the general six-year statute of limitations for suits brought against the United States found in 28 U.S.C. § 2401." *Boero v. DEA,* 111 F.3d 301, 305 n. 5 (2d Cir.1997). Section 2401 provides that "every civil action commenced against the United States shall be barred unless the complaint is filed within six years after the right of action first accrues." 28 U.S.C. § 2401(a). The Second Circuit has held that a claimant's cause of action accrues " 'when he discover[s] or ha[s] reason to discover that his property ha[s] been forfeited without sufficient notice.' " *Pimentel v. DEA,* 99 F.Supp.2d 420, 426 (S.D.N.Y.2000) (quoting *Polanco v. DEA,* 158 F.3d 647, 654 (2d Cir.1998)). As such, the statute of limitations begins to run " 'at the earliest of the following dates: at the close of the forfeiture proceedings, however soon after the seizure; or if no forfeiture proceedings were conducted, at the end of the five-year limitations period during which the government is permitted to bring a forfeiture action.' " *See id.* Here, because the DEA conducted forfeiture proceedings with regard to the $43,400, Brown's claim accrued on December 8, 1989, when those funds were declared forfeited. *See Pimentel,* 99 F.Supp.2d at 426. Given Brown's com-

plaint was not received by the *pro se* office until November 24, 1997, well after the expiration of the limitations period, his claim is effectively time-barred. However, even if Brown had filed a timely claim, his request would be denied for the following reasons.

### II. Government's Authority to Act and Court's Jurisdiction

Under Title 21 United States Code, section 881, the government has the authority to forfeit the proceeds of drug transactions by civil proceedings. *See Boero,* 111 F.3d at 304; *Torres v. $36,256.80 U.S. Currency,* 25 F.3d 1154, 1155 (2d Cir.1994). With regard to property valued at $500,000 or less, the government may pursue forfeiture by administrative, rather than judicial, means. *See* 19 U.S.C. § 1607; 21 U.S.C. § 881(d); *Weng v. United States,* 137 F.3d 709, 712 (2d Cir.1998); 21 C.F.R. §§ 1316.75–77. The DEA, as the seizing agency, is entitled to forfeit property if " 'proper notice of the seizure and intent to forfeit is given and no person files a claim to the property, accompanied by a cost bond, within the allotted time period.' " *Weng,* 137 F.3d at 712 (quoting *United States v. Idowu,* 74 F.3d 387, 394 (2d Cir.), *cert. denied,* 517 U.S. 1239, 116 S.Ct. 1888, 135 L.Ed.2d 182 (1996)).

Brown asserts the government illegally seized his money in violation of 21 U.S.C. § 881. *See* Plaintiff's Motion to Compel Return of Property ("Pl.Mot.") at 1. Specifically, Brown claims the government improperly characterized the $43,400 as drug proceeds when he in fact had earned the money working for a construction company. *See* Pl. Mot. at 1. Rather than prove

against Brown at the time of his filing, it is instead treated as a civil action for equitable relief. *See Weng v. United States,* 137 F.3d 709, 711 n. 1 (2d Cir.1998), *abrogated on other grounds by Dusenbery v. United States,*

534 U.S. 161, 122 S.Ct. 694, 151 L.Ed.2d 597 (2002); *Boero v. DEA,* 111 F.3d 301, 303 n. 1 (2d Cir.1997); *United States v. Cardona,* 897 F.Supp. 802, 803 (S.D.N.Y.1995).

the merits of its case, the government, according to Brown, confiscated his money and "booted" him out of the country. *See id.* Brown thus seeks the return of this $43,400, contesting the grounds upon which the initial seizure was based.

■ It is beyond doubt, however, that federal courts lack jurisdiction to review the merits of an administrative forfeiture decision. *See Weng,* 137 F.3d at 713; *Boero,* 111 F.3d at 304–05; *Oyekoya v. United States,* 108 F.Supp.2d 315, 318 (S.D.N.Y. 2000). An exception to this rule lies only when property is taken "accidentally, fraudulently, or improperly." *Weng,* 137 F.3d at 713 (internal quotations omitted). Thus, "if an administrative forfeiture is procedurally deficient, the court has jurisdiction to correct the deficiency." *Id.* As such, this Court may consider whether Brown received legally adequate notice of the forfeiture.[7] *See Weng,* 137 F.3d at 713; *Boero,* 111 F.3d at 305.

### III. Sufficiency of Notice

The standard for adequate notice under the Due Process Clause is well established:

> [N]otice [must be] reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections. . . . [W]hen notice is a person's due . . . [t]he means employed must be such as one desirous of actually informing the absentee might reasonably adopt.

*Weng,* 137 F.3d at 713 (quoting *Mullane v. Central Hanover Bank & Trust Co.,* 339 U.S. 306, 314–15, 70 S.Ct. 652, 94 L.Ed. 865 (1950)).

Specifically with regard to forfeitures, the government is required to publish its intention to forfeit for three successive weeks and send "written notice . . . together with information on the applicable procedures . . . to each party who appears to have an interest in the seized article." 19 U.S.C. § 1607(a); *Torres,* 25 F.3d at 1160; *Pimentel,* 99 F.Supp.2d at 425; 21 C.F.R. § 1316.75. If no claim is filed within 20 days, the seizing agency may declare the property forfeited. *See* 19 U.S.C. § 1609; *Torres,* 25 F.3d at 1160; *Pimentel,* 99 F.Supp.2d at 425; 21 C.F.R. § 1316.77.

■ Here, it is clear to the Court that notice was "reasonably calculated" to apprise Brown of the proceedings and afford him the opportunity to contest the forfeiture. On October 24, 1989 the DEA sent by certified mail a notice of seizure to Brown's residence, where it was signed by Brown's wife Paula. *See* Hieronymus Aff. at ¶ 4(b); Ex. 1–2. The notice advised that procedures to forfeit administratively the seized property had begun. *See id.* It further advised that in order to contest the forfeiture, a claim of ownership and cost bond had to be filed with the DEA within 20 days after the notice first appeared in *USA Today. See id.* If unable to purchase a cost bond, Brown was directed instead to file an affidavit of indigence. *See id.* The first date of publication was listed as November 1, 1989, and the notice subsequently appeared in *USA Today* on November 8 and 15, each time indicating that the last date to file a claim of ownership was November 21. *See id.* at ¶ 4(c); Ex. 3. Because this notice fully complied with statutory guidelines and was received and signed for by Brown's wife, the Court

---

7. Brown neither claims the DEA failed to notify him nor challenges the sufficiency of notice. *See* Pl. Mot. at 1, 3. However, because " 'pro se complaints are held to less stringent standards than formal pleadings, and are to be construed liberally on a motion to dismiss,' " the Court will proceed to consider the adequacy of notice provided by the government in this matter. *See Oyekoya,* 108 F.Supp.2d at 317 (quoting *Santiago v. Meinsen,* 89 F.Supp.2d 435, 438 (S.D.N.Y.2000)).

concludes the government met the standard set forth in *Mullane*. *See Pimentel*, 99 F.Supp.2d at 424–25 (concluding forfeiture of claimant's automobiles was proper when notices were sent to claimant and claimant's brother, the registered owner of two of the vehicles, and published in *USA Today* for three successive weeks with no response). *Cf. Torres*, 25 F.3d at 1161 (finding that government failed to satisfy statutory requirements when notices sent to owner's residence and prison facility were both returned undelivered).

While Brown might claim that notice to his wife was insufficient to fulfill the aforementioned statutory requirements, this argument is without merit. As recently articulated by the Supreme Court, the Due Process Clause does not require that the government provide claimants with actual notice. *See Dusenbery v. United States*, 534 U.S. 161, 122 S.Ct. 694, 701, 151 L.Ed.2d 597 (2002) (finding FBI satisfied statutory requirements by sending notice to claimant's prison which had set procedures for delivering mail even though delivery was not assured). Rather, it requires simply that "the Government's effort be reasonably calculated to apprise a party of the pendency of the action." *Id.* (internal quotations omitted). Here, although Brown had been deported, notice was sent to the home address where his wife and children still resided. *See* Gov. Opp. at 8. The DEA subsequently received a stamped return receipt signed by Brown's wife. *See* Hieronymus Aff. at ¶ 4(b); Ex. 2. Furthermore, Brown returned to live at this address upon his illegal reentry into the United States in February 1990 and remained there until his sentencing in December, further lending support to the conclusion that it was not inappropriate for the government to send notice there. *See* Gov. Opp. at 8. Thus, while actual notice was not effected, the government's efforts nonetheless were reasonably calculated to apprise Brown of the pendency of the action. *See Dusenbery*, 122 S.Ct. at 701. Having found that forfeiture was procedurally sound, the Court, consequently, need not consider the merits of the initial seizure. *See Weng*, 137 F.3d at 713.

## CONCLUSION

Therefore, because the government took steps reasonably calculated to apprise Brown of the forfeiture proceedings, thus affording him the opportunity to contest the forfeiture on its merits, and because the six-year limitations period for this claim has passed, Brown's motion seeking the return of his property is HEREBY DENIED.

**SO ORDERED.**