Mohammed SHEIKH, Plaintiff–
Appellant,

v.

UNITED STATES of America,
Defendant–Appellee,

Docket No. 03–6012.

United States Court of Appeals,
Second Circuit.

Oct. 30, 2003.

Mohammed Sheikh, White Deer, PA, for
Appellant, pro se.

Richard E. Rosberger, Assistant United
Stated Attorney (Jeffrey Oestericher, As-
sistant United States Attorney, James B.
Comey, United States Attorney, on the
brief) United States Attorney's Office for
the Southern District of New York, for
Appellee, of counsel.

PRESENT: MCLAUGHLIN,
CABRANES and SACK, Circuit Judges.

SUMMARY ORDER

Plaintiff Mohammed Sheikh appeals *pro
se* from an Opinion of the United States
District Court for the Southern District of
New York (Thomas P. Griesa, *Judge*)
granting defendant United States of Amer-
ica's motion to dismiss plaintiff's complaint
and denying plaintiff's motions for a de-
fault judgment and an expedited ruling.

Plaintiff, a prisoner convicted of federal
narcotics offenses, moved under Rule 41(e)
of the Federal Rules of Criminal Proce-
dure for the return of $4950 that was
seized from him by agents of the Drug
Enforcement Administration ("DEA").
Because plaintiff's criminal proceedings
had already concluded, the District Court
construed his motion as a civil complaint
alleging that the DEA agents seized plain-

tiff's funds without a warrant and in violation of his due process rights.

On April 9, 2002, the District Court issued an order directing the Clerk of the Court to serve a copy of the complaint on the United States Attorney's Office, and ordering the Government to respond to the complaint by May 10, 2002. On June 24, 2002, at which point the Government had not yet responded, plaintiff moved for a default judgment and for an expedited ruling. On November 15, 2002, the Government moved to dismiss the complaint for lack of subject matter jurisdiction and for failure to state a claim.

On December 4, 2002, the District Court granted the Government's motion to dismiss the complaint and denied plaintiffs' motions for a default judgment and an expedited ruling. The Court determined that the Government had adequately shown that "[it] took proper procedures to obtain the forfeiture of the $4950 as drug proceeds." The Court determined also that the Government's delay in filing its motion was the result of the need for additional time to investigate the matter and assemble the relevant documentation.

We affirm the judgment of the District Court dismissing the complaint on the ground that the District Court lacked subject matter jurisdiction over plaintiff's claim.

The DEA has the authority to seize and forfeit any asset furnished or intended to be furnished in exchange for a controlled substance, as well as the proceeds traceable to such an exchange. *See* 21 U.S.C. § 881(a); *Boero v. Drug Enforcement Administration,* 111 F.3d 301, 304 (2d Cir. 1997). Where the property at issue is valued at $500,000 or less, the DEA may employ the administrative forfeiture process set forth in the custom laws. *See* 19 U.S.C. § 1607; *Boero,* 111 F.3d at 304.

The DEA commences an administrative forfeiture proceeding by publishing a notice of the seizure. *See* 19 U.S.C. § 1607(a). At that point, a claimant may invoke judicial review only by filing a claim or cost bond (or an affidavit of indigency) within 20 days of the date of publication. *See* 19 U.S.C. § 1608; 28 C.F.R. §§ 9.1–9.7; 21 C.F.R. §§ 1316.76, 1316.78; *Boero,* 111 F.3d at 304. If the claimant does not file a claim and cost bond with the DEA within 20 days, administrative forfeiture occurs by default, *see* 19 U.S.C. § 1609; 21 C.F.R. § 1316.77; *Boero,* 111 F.3d at 304, and the claimant may petition the agency for remission or mitigation of the forfeiture, *see* 28 C.F.R. §§ 9.1–9.7.

Here, the DEA commenced forfeiture proceedings by publishing a notice of forfeiture and sending written notice of the forfeiture to Sheikh. However, Sheikh did not file a claim or post a cost bond with the DEA; as a result, the money at issue was forfeited by default, and plaintiff gave up his right to judicial review of the merits of the seizure and forfeiture. *See Boero,* 111 F.3d at 304–05; *United States v. One 1987 Jeep Wrangler,* 972 F.2d 472, 480 (2d Cir. 1992).

Once property has been administratively forfeited, a court's review is "limited to determining whether the agency followed the proper procedural safeguards when it declared [claimant's] property summarily forfeited." *One 1987 Jeep Wrangler,* 972 F.2d at 480 (citation omitted). Plaintiff has alleged no procedural deficiencies in the administrative forfeiture of his property.

In the absence of such allegations, the District Court lacked jurisdiction over plaintiff's complaint, and could not enter a default judgment against defendant, even if the other requirements for a default judgment were satisfied. *See Wapnick v.*

*United States,* 112 F.3d 74, 75 (2d Cir. 1997).

We have considered all of plaintiff's claims on appeal and we hereby **AFFIRM** the judgment of the District Court.