**UNITED STATES of America,
Plaintiff–Appellee,**

v.

**Gary H. MAROLF, in re application for return of seized property 1981 Mango Motor sailboat named "Asmara", Defendant–Appellant.**

No. 97–56275.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted March 1, 1999.

Decided April 12, 1999.

Shawn R. Perez, Dana Point, California, for the defendant-appellant.

Carla A. Ford, Assistant United States Attorney, Los Angeles, California, for the plaintiff-appellee.

Before: PREGERSON, and RYMER, Circuit Judges, and PRO, District Judge.*

Opinion by Judge PRO; Concurrence by Judge RYMER.

* The Honorable Philip M. Pro, United States District Judge for the District of Nevada, sitting by designation.

PRO, United States District Judge:

Gary Marolf appeals the denial of his motion under Federal Rule of Criminal Procedure 41(e) for return of the 1981 AMAL/MANGO 23 dual-masted, 55–foot motor-sailboat "Asmara" or its monetary equivalent. *See United States v. Marolf,* 973 F.Supp. 1139 (C.D.Cal.1997). We affirm the district court's conclusion that the administrative forfeiture was constitutionally defective because of lack of notice to Marolf, and therefore hold that the administrative forfeiture is void. Marolf is thus entitled to his property unless the government may still initiate forfeiture proceedings. In this case, it may not because the five-year statute of limitations for doing so has run. *See* 19 U.S.C. § 1621.[1] The district court properly considered the application of laches to Marolf's action, and did not abuse its discretion in concluding that laches was inapplicable in this case. As there are no other grounds to excuse the government's failure to perfect the forfeiture within the statute of limitations period, we reverse the district court's adjudication of the forfeiture action and remand for a determination of the sum due Marolf.

## BACKGROUND

On July 12, 1991, while investigating Marolf and others involved in a marijuana smuggling enterprise, the Drug Enforcement Administration ("DEA") seized the vessel Asmara which had been used to smuggle marijuana from Thailand into the United States. The DEA initiated administrative forfeiture proceedings against the vessel and published the required notice of seizure and intent to forfeit for three successive weeks in accord with 19 U.S.C. § 1607 (1994). No claims were received prior to the filing deadline, and on September 20, 1991, the DEA declared the vessel forfeited to the United States.

On September 16, 1991, Marolf was arrested for conspiracy to import marijuana into the United States in violation of 21 U.S.C. § 963 (1994). Although the DEA suspected Marolf's interest in the vessel as early as mid-July 1991, and two notice of seizure letters concerning the vessel were timely sent by the DEA to Marolf's codefendant, Larry Morgan, no seizure notice was sent to Marolf. On December 10, 1991, the DEA learned that Marolf was the actual owner of the vessel, but again failed to send a notice of seizure to him as required by 19 U.S.C. § 1607.

On March 23, 1992, Marolf entered a guilty plea to one count of conspiracy to import approximately 900 kilograms of marijuana into the United States in violation of 21 U.S.C. § 963. On May 18, 1992, Marolf was sentenced to 121 months imprisonment.

On May 11, 1995, Marolf filed a motion pursuant to 28 U.S.C. § 2255 challenging his criminal conviction and sentence for conspiracy to import marijuana as unconstitutional double jeopardy in light of the prior forfeiture of the Asmara. Marolf also claimed that the forfeiture violated due process. On August 15, 1995, the district court denied Marolf's § 2255 motion and noted that the appropriate remedy for his claim of improper notice of the Asmara's forfeiture was to challenge the forfeiture process. We affirmed the denial of Marolf's § 2255 motion on July 9, 1996.

The statute of limitations for the government to file judicial forfeiture proceedings against the Asmara expired on July 11, 1996. *See* 19 U.S.C. § 1621 (1994). On December 2, 1996, Marolf filed the Rule 41(e)[2] motion which gives rise to this ap-

---

1. Section 1621 states: "No ... forfeiture of property accruing under the customs laws shall be instituted unless such suit or action is commenced within five years after the time when the alleged offense was discovered."

2. Federal Rule of Criminal Procedure 41(e) states:

Motion for Return of Property. A person aggrieved by an unlawful search and sei-

zure or by the deprivation of property may move the district court for the district in which the property was seized for the return of the property on the ground that such person is entitled to lawful possession of the property. The court shall receive evidence on any issue of fact necessary to the decision of the motion. If the motion is granted, the property shall be returned to the movant, although reasonable conditions

peal. By his motion, Marolf requested the return of the vessel Asmara or, as the parties agree the vessel has been sold by the government, its equivalent monetary value.

The district court determined that the proper remedy for the defective notice of forfeiture by the DEA was to void the forfeiture of the Asmara and to consider Marolf's Rule 41(e) motion on the merits, even though the five-year statute of limitations had expired. *Marolf,* 973 F.Supp. at 1151. On the merits, the district court found that Marolf could not refute the government's showing of probable cause to seize the Asmara nor could he prove by a preponderance of the evidence that the vessel was not used for an illegal purpose. *Id.* at 1152.

### STANDARD OF REVIEW

■ We review *de novo* the district court's denial of a Rule 41(e) motion, *see United States v. Mills,* 991 F.2d 609, 612 (9th Cir.1993) (citing *In Re Grand Jury Subpoenas Dated Dec. 10, 1987,* 926 F.2d 847, 855 (9th Cir.1991)), and its underlying factual findings for clear error, *see Ahern v. Central Pac. Freight Lines,* 846 F.2d 47, 48 (9th Cir.1988).

### DISCUSSION

**I. Inadequate Notice of Forfeiture and the Five–Year Limitations Period**

■ Rule 41(e) motions are treated as proceedings in equity when there are no criminal proceedings pending against the movant. *See United States v. Martinson,* 809 F.2d 1364, 1366 (9th Cir.1987).

■ Where the government provides constitutionally deficient notice of an administrative forfeiture, other courts of appeals have generally voided such actions and remanded for further proceedings. *See, e.g., Muhammed v. DEA, Asset Forfeiture Unit,* 92 F.3d 648, 654 (8th Cir. 1996); *Barrera–Montenegro v. United*

*States,* 74 F.3d 657, 661 (5th Cir.1996); *United States v. Giraldo,* 45 F.3d 509, 512 (1st Cir.1995). We have already held that a district court retains equitable jurisdiction to adjudicate claims of inadequate notice of administrative forfeitures. *See United States v. Clagett,* 3 F.3d 1355, 1356 (9th Cir.1993); *see also Marshall Leasing, Inc. v. United States,* 893 F.2d 1096, 1102–03 (9th Cir.1990) (district court had jurisdiction over due process attack on administrative forfeiture under 28 U.S.C. § 1331); *United States v. Ten Thousand Dollars ($10,000) in U.S. Currency,* 860 F.2d 1511, 1513 (9th Cir.1988) (accidental, fraudulent, or improper removal of property will not extinguish district court's in rem jurisdiction). We therefore affirm the district court's ruling that a constitutionally deficient notice of forfeiture renders such a forfeiture void. *United States v. Marolf,* 973 F.Supp. 1139 at 1148 (C.D.Cal.1997).

■ Despite the expiration of the limitations period, however, the district court proceeded to adjudicate Marolf's claim on the merits, relying primarily upon the Second Circuit Court of Appeals, decision in *Boero v. DEA,* 111 F.3d 301 (2d Cir.1997). In *Boero,* the trial court found that the DEA had failed to comply with the requisite notice requirement for an administrative forfeiture. Though the trial court had the power to correct the deficiency, it instead allowed the defendant-claimant to pursue an administrative remedy over five years from the date of initial seizure, notwithstanding the expiration of the limitations period. *Id.* at 305. On appeal, the Second Circuit Court of Appeals noted that "when the government is responsible for a known claimant's inability to present a claim, through the government's disregard of its statutory obligation to give notice (or otherwise), a hearing on the merits is available in the district court." *Id.* at 306. Accordingly, the Court in *Boero* vacated the trial court's judgment to the

may be imposed to protect access and use of the property in subsequent proceedings. If a motion for return of property is made or comes on for hearing in the district of

trial after an indictment or information is filed, it shall be treated also as a motion to suppress under Rule 12.

extent that it called for new administrative proceedings and directed the trial court to resolve the dispute on the merits. *Id.* at 307.

The *Boero* approach was specifically rejected by the Tenth Circuit in *Clymore v. United States,* 164 F.3d 569, 574 (10th Cir.1999), a decision rendered after the district court's ruling in this case. In a situation virtually identical to the one before this court, the Tenth Circuit Court of Appeals concluded that "[w]here obvious statute of limitations problems exist, we think the offending [i.e., inadequately noticed] forfeiture should be vacated and the statute of limitations allowed to operate, subject, of course, to any available government arguments against it." *Id.* at 574.

■ We agree with the *Clymore* decision to the extent it calls for the voiding of an inadequately noticed administrative forfeiture and the application of the five-year limitations period. We have previously stated that we are "particularly wary of civil forfeiture statutes, for they impose 'quasi-criminal' penalties without affording property owners all of the procedural protections afforded criminal defendants." *United States v. $191,910.00 in U.S. Currency,* 16 F.3d 1051, 1068 (9th Cir.1994) (citation omitted). Generally, forfeitures "should be enforced only when within both letter and spirit of the law." *U.S. v. One 1936 Model Ford V–8 De Luxe Coach, Motor No. 18–3306511,* 307 U.S. 219, 226, 59 S.Ct. 861, 83 L.Ed. 1249 (1939), *cited with approval in United States v. One 1985 Mercedes—Benz, 300 SD, VIN WDBC2OC6FA177831,* 14 F.3d 465, 468 (9th Cir.1994).

In *$191,910.00 in U.S. Currency,* 16 F.3d at 1068–69, we strictly construed the currency forfeiture provisions of 19 U.S.C. § 1615 against the government. In concluding that the government must have probable cause at the initiation of civil forfeiture proceedings, rather than merely at the commencement of trial, we disapproved of the "minimal" procedural protections provided within the statute. *Id.* at 1069.

The spareness of the available procedural protections was underscored by the Supreme Court's decision in *United States v. James Daniel Good Real Property,* 510 U.S. 43, 64–65, 114 S.Ct. 492, 126 L.Ed.2d 490 (1993). There, the Supreme Court held that the numerous timing provisions within the text of 19 U.S.C. §§ 1602, 1604, outlining a schedule for the expeditious conduct of forfeiture procedures by customs officials and the Attorney General, were merely exhortative guidelines. *Id.* at 63–65. Accordingly, the Court held that these "internal timing requirements" could not serve as the basis for the dismissal of such proceedings. *Id.* at 65. The Court indicated, however, that noncompliance with the five-year limit provided in § 1621 could justify dismissal. The district court's disregard of the limitations period, then, strips one of the few remaining procedural safeguards from the forfeiture statutes.

Here, the government admits that it erred by failing to provide Marolf with notice of the seizure and intent to forfeit the Asmara after it became aware that Marolf had an interest in the vessel. On December 10, 1991, the DEA Office of Chief Counsel, Asset Forfeiture Section, was advised of Marolf's ownership of the Asmara. "For reasons that remain unexplained [to the district court], the defendant was not subsequently notified." *Marolf,* 973 F.Supp. at 1147. The forfeiture statutes "impose no duty on a defendant to prevent the government from losing its rights through carelessness." *United States v. Giovanelli,* 998 F.2d 116, 119 (2d Cir.1993). Rather, it is the government that must be held to a higher standard.

Our conclusion is supported by authorities promoting the consistent application of the statute of limitations. Historically, statutes of limitation have "represent[ed] a pervasive legislative judgment that it is unjust to fail to put the adversary on notice to defend within a specified period of time and that 'the right to be free of stale claims in time comes to prevail over

the right to prosecute them.'" *United States v. Kubrick*, 444 U.S. 111, 117, 100 S.Ct. 352, 62 L.Ed.2d 259 (1979) (quoting in part *Order of R.R. Telegraphers v. Railway Express Agency*, 321 U.S. 342, 349, 64 S.Ct. 582, 88 L.Ed. 788 (1944)). The legislative bar is intended to prevent the assertion of old claims in opposition to which "evidence has been lost, memories have faded, and witnesses have disappeared." *Id.* at 348–49, *cited with approval in United States ex rel. Hyatt v. Northrop Corp.*, 91 F.3d 1211, 1217 (9th Cir.1996); *see also Bancorp Leasing & Fin. Corp. v. Agusta Aviation Corp.*, 813 F.2d 272, 276 (9th Cir.1987).

Ironically, given Marolf's guilty plea to the drug conspiracy charge, this does not seem to be a case in which timely access to evidence or witnesses would have prevented the forfeiture. Nevertheless, limitation periods "'for gaining access to the federal courts are not to be disregarded by courts out of a vague sympathy for particular litigants.'" *Union Pacific R.R. Co. v. Beckham*, 138 F.3d 325, 330 (8th Cir.1998) (quoting *Baldwin County Welcome Ctr. v. Brown*, 466 U.S. 147, 152, 104 S.Ct. 1723, 80 L.Ed.2d 196 (1984)). Thus, absent the application of laches or equitable tolling principles, "courts may not ignore the statute of limitations simply because they opine that a given action is not stale or that a particular defendant's repose has already been broken." *Justice v. United States*, 6 F.3d 1474, 1482–83 (11th Cir.1993).

## II. Laches

In rare instances the bar of the forfeiture statute of limitations may be subject to the equitable defense of laches.[3] The government revives its argument that

Marolf's Rule 41(e) motion should be denied on this basis, regardless of any notice defect. *See United States v. $25,000 U.S. Currency*, 853 F.2d 1501, 1504 n. 1 (9th Cir.1988) (appellate court may affirm a district court's correct decision even if reached for the wrong reasons). To assert the affirmative defense of laches, the party seeking immunity from suit must demonstrate that: (A) the opposing party inexcusably delayed the pursuit of its claim and (B) prejudice resulted from this delay. *See Apache Survival Coalition v. United States*, 21 F.3d 895, 905 (9th Cir.1994); *Wauchope v. United States Dep't of State*, 985 F.2d 1407, 1411 (9th Cir.1993). After reviewing the district court's denial of laches for abuse of discretion, *see Clamp Mfg. Co. v. Enco Mfg. Co.*, 870 F.2d 512, 514 (9th Cir.1989), we find that the government has failed to meet its burden.

The district court did not reach a decision on whether Marolf inexcusably delayed the filing of his Rule 41(e) motion. Instead, the district court chose to deny the government's assertion of laches purely on the grounds of prejudice.

Nevertheless, there is certainly evidence to indicate that Marolf may have unjustifiably postponed his filing. While it is unknown precisely when Marolf first learned of the seizure of the Asmara, it is clear that he had received actual knowledge by May 11, 1995, when he filed his § 2255 motion. There, Marolf stated that he "was advised by counsel not to challenge any possible forfeiture proceedings because the discovery process in civil forfeiture actions would violate his Fifth Amendment right against self incrimination and could be used in the criminal proceeding." Moreover, the district court noted that Marolf waited until fifteen

---

**3.** A court may also equitably toll a statute of limitations in the interests of justice, *see King v. California*, 784 F.2d 910, 915 (9th Cir. 1986), such as when (1) the defendant misleads the plaintiff into allowing the statutory period to expire, *see Irwin v. Department of Veterans Affairs*, 498 U.S. 89, 96, 111 S.Ct. 453, 112 L.Ed.2d 435 (1990); or (2) extraordinary circumstances beyond the plaintiff's

control make it impossible for him to file suit on time, *see Alvarez–Machain v. United States*, 107 F.3d 696, 701 (9th Cir.1996). The burden is on the plaintiff to show that equitable tolling is appropriate. *See Vaughn v. Teledyne, Inc.*, 628 F.2d 1214, 1218 (9th Cir. 1980). This issue, however, was not raised in the proceedings below and need not be addressed in our disposition of this case.

months *after* denial of his § 2255 motion before filing the Rule 41(e) motion on December 2, 1996, viz., after the expiration of the five-year statute against the government on July 12, 1996. *See* 19 U.S.C. § 1621.

■■■ The government also claims that it was prejudiced by Marolf's delay in bringing his Rule 41(e) motion, insofar as it was precluded from initiating a judicial proceeding within the limitations period. The district court denied this claim, however, on the grounds that it was the "government's own carelessness," not the timing of Marolf's Rule 41(e) motion, that precluded the initiation of judicial foreclosure proceedings. The DEA knew as early as mid-July 1991 that Marolf may have had an interest in the vessel and that he had not been notified of the forfeiture action through standard procedures. Nevertheless, the government inexplicably failed to remedy the improper administrative notice or initiate properly-noticed judicial proceedings.[4] Thus, we hold that the district court did not abuse its discretion in concluding that any prejudice to the government was attributable to its own inexcusable delay. Accordingly, we affirm the district court's denial of the government's claim of laches.

## III. Nominal Damages

■■■ In the alternative, the government argues that we should award Marolf only nominal damages in connection with the DEA's failure to provide adequate notice, while allowing the forfeiture to stand. In support of its position, the government asserts that procedural due process does not protect against deprivations per se, but only against those deprivations that are mistaken or unjustified as a matter of law. *See, e.g. Carey v. Piphus,* 435 U.S. 247, 259, 98 S.Ct. 1042, 55 L.Ed.2d 252 (1978) ("Procedural due process rules are meant to protect persons not from the deprivation, but from the mistaken or unjustified deprivation of life, liberty, or property."); *Raditch v. United States,* 929 F.2d 478, 481 n. 5 (9th Cir.1991) (due process violation that is justified merits award of only nominal damages); *Scofield v. City of Hillsborough,* 862 F.2d 759, 765–66 (9th Cir.1988) (due process violation may require only nominal damages award of $1.00). Nominal damages are available where the violation of a legal or constitutional right produces no "actual damages." *See Wilks v. Reyes,* 5 F.3d 412, 416 (9th Cir.1993); *see also Draper v. Coombs,* 792 F.2d 915, 921–22 (9th Cir.1986). We find the government's argument to be unpersuasive.

■■■ The authorities cited by the government deal solely with the ambit of constitutional procedural due process. In contrast, statutes of limitation are the product of legislative public policy, divorced from the concepts of natural or fundamental rights. *See Chase Sec. Corp. v. Donaldson,* 325 U.S. 304, 314, 65 S.Ct. 1137, 89 L.Ed. 1628 (1945). Thus, barring a contrary legislative pronouncement or laches, courts should impose the delineated limitations barrier to suit. Marolf's continued lack of possession of the Asmara constitutes an "actual injury" for which he deserves more than nominal damages.[5]

---

4. In the district court proceedings, the government alleged that it had been "prevented from filing a civil [judicial] forfeiture action earlier due to a Department of Justice policy that prevented the government from filing a judicial forfeiture complaint since no claims had been filed in the administrative forfeiture proceedings." *Marolf,* 973 F.Supp. at 1142. Internal agency regulations, however, cannot legitimate the violation of constitutional or statutory rights. *See Vermont Yankee Nuclear Power Corp. v. Natural Resources Defense Council,* 435 U.S. 519, 543, 98 S.Ct. 1197, 55 L.Ed.2d 460 (1978) (administrative agencies free to promulgate own rules absent constitutional constraints or compelling circumstances); *Patlex Corp. v. Mossinghoff,* 758 F.2d 594, 606 (Fed.Cir.1985) (agency rules and regulations must comport with enabling legislation and due process).

5. Normally, nominal damages are a legal, not an equitable, remedy. *See Griffith v. State of Colorado Div. of Youth Servs.,* 17 F.3d 1323, 1327 (10th Cir.1994); *Landgraf v. USI Film Prods.,* 968 F.2d 427, 431 (5th Cir.1992); *Swanson v. Elmhurst Chrysler Plymouth, Inc.,* 882 F.2d 1235, 1240 (7th Cir.1989); *see gener-*

## CONCLUSION

We affirm the district court's decision insofar as it voided the administrative forfeiture due to inadequate notice. However, because the government failed to comply with the five-year limitation of § 1621 and did not demonstrate the applicability of laches, we reverse the district court's adjudication of the forfeiture action on the merits. The matter is remanded to the district court with instructions to determine the value of the forfeited Asmara and to order the government to pay such sum to appellant. *See Martinson*, 809 F.2d at 1367–69. The district court will also determine the appropriateness of an award of interest.

AFFIRMED IN PART, REVERSED IN PART AND REMANDED.

RYMER, Circuit Judge, concurring:

I agree that the judgment must be reversed, but write separately to explain why the five-year statute of limitations that applies to government forfeiture proceedings is relevant to Marolf's action.

Marolf was entitled to notice so that he could timely file a claim and have a hearing on probable cause and ownership. Because he did not get proper notice, he was deprived of that opportunity. For this reason, the forfeiture is void and cannot stand. *See Clymore v. United States*, 164 F.3d 569, 573 (10th Cir.1999) (voiding defectively-noticed forfeiture); *Muhammed v. DEA, Asset Forfeiture Unit*, 92 F.3d 648, 654 (8th Cir.1996) (same); *Barrera–Montenegro v. United States*, 74 F.3d 657, 661 (5th Cir.1996) (same). Nevertheless,

the government could go back to square one by providing proper notice and recommencing forfeiture proceedings-so long as it does so within the statutory period. Under these circumstances, a court could well do equity by going directly to the merits and holding the hearing to which the claimant would have been entitled had notice been properly given to begin with. The problem in this case is that the period of limitations has passed. As Marolf argues, this means that the government cannot go back to square one because it is barred from instituting any forfeiture proceeding by the five-year statute of limitations. *See* 19 U.S.C. § 1621. Thus, since the forfeiture is void and the government can no longer do anything about it, Marolf is entitled to return of his property (or its value).[1]

The government points out that Rule 41(e) motions are treated as proceedings in equity when there is no criminal action pending, *see United States v. Martinson*, 809 F.2d 1364, 1366–67 (9th Cir.1987), and argues that affording Marolf a judicial hearing on the merits of forfeiture is the appropriate remedy in view of the fact that this is the remedy to which Marolf would have been entitled had notice been proper. It urges us to follow the Second Circuit's approach in *Boero v. DEA*, 111 F.3d 301 (2d Cir.1997), where the court affirmed the district court's holding that the administrative forfeiture of the claimant's property was improper because of inadequate notice, but reversed the order dismissing Boero's complaint and directing the DEA

---

*ally* 1 Dan B. Dobbs, *Law of Remedies* § 2.1(2), (2d ed.1993) (reviewing coercive, declaratory, and restitutionary remedies in equity). However, in *Martinson*, 809 F.2d at 1367–68, we held that where a court of equity assumes jurisdiction over a matter because the parties request equitable relief, an award of damages is permissible if necessary to secure complete justice. Accordingly, we stated that a claimant could seek an award of damages for property that was destroyed by the government pending appeal of his equitable Rule 41(e) motion for return of seized property. *Id.* at 1369. However, given the lack of

consanguinity between the statutory violation and the constitutional violation, it is unnecessary for us to determine at this time whether an award of nominal damages can be ever be awarded in an equitable proceeding to effectuate "complete justice."

**1.** Although the statute of limitations for the government to institute forfeiture proceedings is five years, claimants have six years in which to bring a Rule 41(e) motion for return of property. *See* 28 U.S.C. § 2401. It is because of this discrepancy that the problem in this case arose.

 

to recommence administrative forfeiture proceedings. The court held that the district court's relegation of Boero to an administrative remedy was improper because "when the government is responsible for a known claimant's inability to present a claim, through the government's disregard of its statutory obligation to give notice (or otherwise), a hearing on the merits is available in the district court." *Id.* at 306. In doing so, the court instructed the district court to consider Boero's claim on the merits in spite of the fact that more than five years had elapsed since the alleged offense was discovery. From this, the government infers that a hearing on the merits is appropriate regardless of whether the statute of limitations has run in this case. I do not see it this way. Nothing in *Boero* suggests that the court actually considered and ruled on the import of the statute of limitations. Unlike here, Boero did not seek return of his property because the forfeiture was void and the statute of limitations had run, but rather requested a judicial hearing on the merits of the forfeiture. *See id.,* at 307 ("Boero's remedy is to restore his right to seek a hearing in district court, a right he evidently wishes to exercise."). Likewise, in *United States v. Giovanelli,* 998 F.2d 116 (2d Cir.1993), on which the government also relies, the court did not discuss the statute of limitations issue, nor did it have occasion to as it awarded the claimant return of his seized property without reaching that issue. Thus, *Boero* and *Giovanelli* do not necessarily conflict with *Clymore,* which is squarely on point. I therefore agree that we should join the Tenth Circuit in holding that a forfeiture without proper notice is void and when the statute of limitations has run, the forfeiture must be vacated unless other equitable considerations come into play. *See Clymore,* 164 F.3d at 574. They do not in this case, as the district court did not abuse its discretion in concluding that the government's only argument, based on

laches, did not bar Marolf from pursuing his Rule 41(e) motion.