UNITED STATES of America,
Plaintiff—Appellee,

v.

Ernesto TRASLAVINA, Defendant—
Appellant.

No. 98–10416.
D.C. No. CR–87–00166–LDG.

United States Court of Appeals,
Ninth Circuit.

Submitted March 14, 2001.*

Decided March 29, 2001.

Before REINHARDT, RYMER and
FISHER, Circuit Judges.

MEMORANDUM **

Federal prisoner Ernesto Traslavina ap-peals pro se the district court's denial of

---

* The panel unanimously finds this case suitable
for decision without oral argument. Fed.
R.App. P. 34(a)(2).

** This disposition is not appropriate for publi-
cation and may not be cited to or by the
courts of this circuit except as may be provid-
ed by Ninth Circuit Rule 36–3.

his Fed.R.Crim.P. 35(a) motion to correct his sentence and his Fed.R.Crim.P. 41(e) motion for the return of his seized airplane. We review de novo whether a sentence was imposed illegally. *United States v. Fowler*, 794 F.2d 1446, 1449 (9th Cir. 1986). The denial of a motion for return of property under Rule 41(e) is also reviewed de novo. *United States v. Marolf*, 173 F.3d 1213, 1216 (9th Cir.1999). We have jurisdiction under 28 U.S.C. § 1291 and we reverse, vacate in part and remand.

### 1. *Sentencing Errors.*

#### a. *21 U.S.C. § 846 sentence.*

Traslavina first contends the district court erred by denying his motion to correct his sentence under Fed.R.Crim.P. 35(a). Under the operative version of Rule 35(a), an illegal sentence can be corrected "at any time." *United States v. Stump*, 914 F.2d 170, 172 (9th Cir.1990).[1] An illegal sentence is "one which is not authorized by the judgment of conviction, or is in excess of the permissible statutory penalty for the crime, or is in violation of the Constitution." *United States v. Johnson*, 988 F.2d 941, 943 (9th Cir.1993).

Traslavina argues his sentence is illegal because it violates the Ex Post Facto Clause of the Constitution. "A criminal law is ex post facto if it satisfies two requirements: it must apply retrospectively to events occurring before its enactment, and it must disadvantage the defendant affected by it." *United States v. Chea*, 231 F.3d 531, 539 (9th Cir.2000). The government concedes, and the district court agreed in its order, that when Traslavina was sentenced, the court applied the incorrect version of 21 U.S.C. § 846. The court applied an amended version of the statute that did not go into effect until after Traslavina's offense conduct. Fur-

thermore, it is clear from the sentencing transcript that the district court was under the mistaken belief that the new regime was operative, and that a mandatory minimum of 10 years—as opposed to one year—applied to Traslavina's § 846 conviction. In addition, under the new law the district court would have been bound to make sentences for § 846 and § 841 convictions symmetrical—not true under the old version of § 846.

■ Applying post-amendment changes to conduct that did not continue past the effective date of the amendment violates the Ex Post Facto Clause. *See United States v. DeSalvo*, 41 F.3d 505, 515 (9th Cir.1994). The district court should have applied the statute "as it existed at the time of the offense conduct." *United States v. Rodrigues*, 229 F.3d 842, 844 (9th Cir.2000). We believe Traslavina was disadvantaged by the district court's retroactive application of a law that introduced a minimum 10–year punishment into the court's sentencing calculus, and the error is not cured by the Bureau of Prisons' administrative treatment of the sentence. Because Traslavina's § 846 sentence is illegal under Rule 35, we remand for resentencing under the version of § 846 applicable at the time he committed the offense conduct. *See United States v. Baggett*, 125 F.3d 1319, 1322 (9th Cir.1997).

#### b. *Special Parole Term.*

■ Some time after Traslavina had been sentenced, the district court decided to add a term of special parole to Traslavina's sentence. He contends the court erred by modifying his sentence to require the special parole term, and the government concedes that he is correct. *See Gozlon–Peretz v. United States*, 498 U.S.

---

1. The prior version of Rule 35(a), which allowed a defendant to move to correct an illegal sentence at any time, applies because Traslavina committed his offenses before November 1, 1987.

395, 409, 111 S.Ct. 840, 112 L.Ed.2d 919 (1991) (holding that supervised release applies to offenses committed between October 27, 1986 and November 1, 1987). Traslavina must therefore be resentenced on this claim, too.

### 2. *Traslavina's seized airplane.*

█ Finally, Traslavina appeals the denial of his Rule 41(e) motion for the return of his seized airplane. Due process requires that the government have made an effort to provide Traslavina with notice that was reasonably calculated to apprise him of the forfeiture proceedings. *See United States v. Castro,* 78 F.3d 453, 456 (9th Cir.1996). The government concedes it did not attempt to provide Traslavina with any notice whatsoever. Where the issue is inadequate notice, the district court may exercise equitable jurisdiction under Rule 41(e). *See Ramsden v. United States,* 2 F.3d 322, 324 (9th Cir.1993). Because the record is insufficiently developed as to what exactly happened with Traslavina's airplane and how, and because the district court's order is unclear in its treatment of this claim, we remand so the court may reconsider its ruling and issue an order explaining the basis for whatever decision it reaches.

We therefore reverse the district court's orders denying Traslavina's Rule 35(a) and 41(e) motions, vacate Traslavina's § 846 sentence as well as his special parole term, and remand for resentencing on those two claims.

REVERSED, VACATED in part and REMANDED for resentencing and other proceedings consistent with this disposition.