**UNITED STATES of America, Plaintiff–Appellee,**

v.

**David Earl CRAFT, Defendant–Appellant.**

**No. 00–10247.**

**D.C. No. CR 94–00347–TEH.**

United States Court of Appeals, Ninth Circuit.

---

Submitted Sept. 10, 2001.*

Decided Sept. 19, 2001.

Before HUG, PREGERSON, and WARDLAW, Circuit Judges.

## MEMORANDUM **

David Earl Craft appeals pro se the district court's judgment denying his motion pursuant to Fed.R.Crim.P. 41(e) ("Rule 41(e)") for the return of property seized by the United States following his conviction for conspiracy to import cocaine. We have jurisdiction under 28 U.S.C. § 1291. We review de novo the district court's denial of a motion for return of property, *United States v. Mills,* 991 F.2d 609, 612 (9th Cir.1993), and its underlying factual findings for clear error, *U.S. v. Marolf,* 173 F.3d 1213, 1216 (9th Cir.1999). We affirm.

The district court properly concluded that Craft was not entitled to lawful possession of the Chrystaliner boat. *See Mills,* 991 F.2d at 612.

A Rule 41(e) motion is properly denied "if the defendant is not entitled to lawful possession of the seized property...." *See id.* quoting *United States v. Van Cauwenberghe,* 934 F.2d 1048, 1061 (9th Cir. 1991).

According to Craft's own testimony, he was an intermediary for the individual who financed the boat. As the district court noted, Craft's arguments misconstrue single lines of testimony, taking them out of context, while ignoring the large amount of contrary testimony. The district court's findings on possessory interest were not clearly erroneous. *See Marolf,* 173 F.3d at 1216.

Craft contends that under *United States v. Martinson,* 809 F.2d 1364, 1370 n. 4 (9th Cir.1987), the burden is shifted to the government to prove its right to retain the Chrystaliner boat. This contention lacks merit. In *Martinson,* we held that, under the circumstances, Martinson needed only to make a minimal showing of lawful possession. *See id. Martinson* does not help Craft. First, the circumstances in Craft's case are not comparable to the strong equities that weighed in Martinson's favor.

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Second, even if the circumstances were similar, Craft has not made even a minimal showing of lawful possession of the Chrystaliner. Therefore, the district court did not err by denying Craft's Rule 41(e) motion.

**AFFIRMED.**

Before HUG, PREGERSON, and WARDLAW, Circuit Judges.

MEMORANDUM **

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by 9th Cir. R. 36–3.