UNITED STATES of America, Plaintiff–Appellee,

v.

Karl August MOST, III, Defendant–Appellant.

No. 01–50156.
D.C. No. CR–95–00062–MLH.

United States Court of Appeals, Ninth Circuit.

Submitted Oct. 15, 2001.*

Decided Oct. 24, 2001.

case suitable for decision without oral argument Mendoza's request for oral argument is denied. See Fed. R.App. P. 34(a)(2).

* This panel unanimously finds this case suitable for decision without oral argument. See Fed. R.App. P. 34(a)(2).

Before REINHARDT, GRABER, and BERZON, Circuit Judges.

MEMORANDUM **

Karl August Most appeals pro se the district court's denial of his motion for return of property pursuant to Fed. R.Crim.P. 41(e). We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

We review a district court's denial of a Rule 41(e) motion de novo, and its underlying factual findings for clear error. *United States v. Marolf,* 173 F.3d 1213, 1216 (9th Cir.1999). A district court's determination that a claim is barred by laches is reviewed for an abuse of discretion. *Id.* at 1218; *Telink, Inc. v. United States,* 24 F.3d 42, 47 (9th Cir.1994).

Most filed his motion for return of personal property on March 7, 2000, more than five years after the property was seized and more than two years after his conviction and sentence. The district court concluded that because Most was aware since at least 1995 that the items had been seized, offered no justification for the delay, and the government had destroyed the property after Most was sentenced his claim was barred by the doctrine of laches. *See Marolf,* 173 F.3d at 1218 (stating that to establish the defense

of laches, a party must demonstrate inexcusable delay on the part of the opposing party and prejudice resulting from such delay). Based upon our review, we conclude the district court's denial was proper. *See Id.*

AFFIRMED.

---

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by Ninth Circuit Rule 36–3.

