**UNITED STATES of America,
Plaintiff—Appellee,**

v.

**Lawrence Doby WILSON, Defendant—
Appellant.**

No. 00–30264.

D.C. No. CR–80–00082–JMB.

United States Court of Appeals,
Ninth Circuit.

Submitted Nov. 6, 2001*.

Decided Nov. 27, 2001.

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed.

R.App. P. 34(a)(2).

Before HUG, T.G. NELSON, and GOULD, Circuit Judges.

### MEMORANDUM**

 Wilson appeals the district court's denial of his Rule 41(e) motion for return of property seized by the government in 1979. Fed.R.Crim.P. 41(e). We review *de novo, United States v. Marolf*, 173 F.3d 1213, 1216 (9th Cir.1999), and affirm.[1]

Because the parties are familiar with the facts and procedural history, we do not restate them here except as necessary to explain our disposition.

Rule 41(e) provides that:

A person aggrieved ... by the deprivation of property may move the district court for the district in which the property was seized for the return of the property on the ground that such person is entitled to lawful possession of the property. The court shall receive evidence on any issue of fact necessary to the decision of the motion. If the motion is granted, the property shall be returned to the movant, although reasonable conditions may be imposed to protect access and use of the property in subsequent proceedings ....

Fed.R.Crim.P. 41(e). The government argues that Wilson's motion is barred by the doctrine of laches, and the district court so held. "To assert the affirmative defense of laches, the party seeking immunity from suit must demonstrate that: (A) the opposing party inexcusably delayed the pursuit of its claim and (B) prejudice resulted from this delay." *Marolf*, 173 F.3d at 1218.

 Here, Wilson brought his Rule 41(e) motion almost exactly twenty years after the property was seized. Although Wilson argues that he did not learn of the forfeiture until the Federal Bureau of Investigation (FBI) responded to his Freedom of Information Act (FOIA) request in 1999, we are satisfied that Wilson inexcusably delayed the pursuit of his claim in this case. *See id.* at 1218–19 (holding that delaying the filing of a Rule 41(e) motion for a year and a half after receiving actual knowledge of a forfeiture is evidence of unjustifiable delay). A person can be reasonably expected to become aware of the fact that he or she has been deprived of valuable property before twenty years have passed. We hold that the government has met its burden as to the first prong of laches because of Wilson's inexcusable delay.

The government has also shown that prejudice clearly resulted from Wilson's delay in bringing the Rule 41(e) proceeding: the record of the underlying criminal proceeding has been lost, hindering the government's ability to defend against the Rule 41(e) proceeding.[2] *Cf. id.* at 1219 (holding that the district court did not abuse its discretion in declining to apply

---

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by Ninth Circuit Rule 36–3.

1. We reject the government's contention that Wilson's appeal is untimely. Because a Rule 41(e) proceeding is considered to be a civil proceeding, *United States v. Martinson*, 809 F.2d 1364, 1367 (9th Cir.1987), and the United States is a party, Rule 4(a)(1)(B) allowed Wilson sixty days to file a notice of appeal. Fed. R.App. P. 4(a)(1)(B). As Wilson is incarcerated and proceeding pro se, his notice of appeal was deemed filed when he delivered it to prison authorities for mailing. *See Saffold v. Newland*, 250 F.3d 1262, 1268 (9th Cir. 2000). Because he did so within sixty days, his notice of appeal was timely.

2. It appears that the record of Wilson's original criminal trial was lost in transit in 1996 en route from the district court to the Federal Records Center.

laches where the only prejudice shown by the government was attributable to its own delay rather than to that of the movant).

We conclude that laches bars Wilson's Rule 41(e) motion.

AFFIRMED.