**UNITED STATES of America, Plaintiff—Appellee,**

v.

**Michael Craig DICKMAN, Defendant— Appellant.**

No. 03–50183.

D.C. No. CR–99–03602–TJW.

United States Court of Appeals, Ninth Circuit.

Submitted Dec. 8, 2003.*

Decided Dec. 10, 2003.

---

* This panel unanimously finds this case suitable for decision without oral argument. *See*

Fed. R.App. P. 34(a)(2).

Stephen R. Cook, U.S. Department of Justice, Criminal Division, Fraud Section, Michael G. Wheat, AUSA, Office of the U.S. Attorney, San Diego, CA, for Plaintiff–Appellee.

Michael Craig Dickman, pro se, Lompoc, CA, for Defendant–Appellant.

Before GOODWIN, WALLACE, and MCKEOWN, Circuit Judges.

MEMORANDUM **

Michael Craig Dickman, a federal prison inmate, appeals the district court's denial of his motion pursuant to Federal Rule of Criminal Procedure 41(g) for return of a "4 carat diamond and gold wedding ring" he alleges he left in a rental car the government seized following his arrest for bank robbery. We have jurisdiction pursuant to 28 U.S.C. § 1291, and we affirm.

Dickman contends that the district court erred in finding that there was no evidence that the government seized the alleged ring, or that the ring even existed. We review de novo a district court's denial of a motion for return of property pursuant to Rule 41(g), and review the district court's underlying factual determinations for clear error. *United States v. Marolf,* 173 F.3d 1213, 1216 (9th Cir.1999). Although under Rule 41(g), formerly Fed.R.Crim.P. 41(e), a district court may order the government to return property, *United States v. Van Cauwenberghe,* 934 F.2d 1048, 1061 (9th Cir.1991), a district court cannot order the government to return property not in its custody. *United States v. Marshall,* 338 F.3d 990, 995 (9th Cir.2003).

The evidence presented to the district court by the government included an inventory list of property seized from Dickman's rental car that did not mention a ring fitting the description of a "4 carat diamond and gold wedding ring," the declaration of FBI Special Agent Kay Baker stating that the government never seized such a ring, and Dickman's previous Rule 41(g) motion in which he did not mention a "4 carat diamond and gold wedding ring." Dickman presented only his own assertion that the alleged ring was in the rental car when it was searched and seized, and excerpts from the sentencing hearing transcript in which the prosecutor, who was not present when the rental car was searched, stated that Dickman removed his "rings" before entering the banks that he robbed. Based on this evidence, the district court's finding that there was no proof that the government seized the alleged ring or that it even existed was not clearly erroneous. The district court properly denied Dickman's motion. *See Marshall,* 338 F.3d at 995.

Further, based on the evidence showing that the government did not seize the alleged ring and the paucity of proof indicating otherwise, the district court did not abuse its discretion by not holding an evidentiary hearing. *See United States v. Howell,* 231 F.3d 615, 620 (9th Cir.2000).

AFFIRMED.

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.