FILED
United States Court of Appeals
Tenth Circuit

February 2, 2010

Elisabeth A. Shumaker
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

WILLIAM D. JONES,

      Petitioner - Appellant,

v.

WALTER DINWIDDIE,

      Respondent - Appellee.

No. 09-6193
(D.C. No. 09-CV-00102-C)
(W.D. Okla.)

**ORDER**
**DENYING CERTIFICATE OF APPEALABILITY**

Before **KELLY**, **BRISCOE**, and **HOLMES**, Circuit Judges.

Petitioner-Appellant William D. Jones, a state inmate appearing pro se, seeks a certificate of appealability ("COA") allowing him to appeal the district court's judgment dismissing his petition for a writ of habeas corpus as untimely. To obtain a COA, Mr. Jones must make "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2); see Slack v. McDaniel, 529 U.S. 473, 483-84 (2000). Mr. Jones has not made the requisite showing, and therefore we deny a COA and dismiss the appeal.

Mr. Jones was convicted of two counts of first-degree rape, one count of second-degree rape and one count of forcible sodomy and sentenced to consecutive 100 year terms on each count. The judgment and sentence was

affirmed on direct appeal on July 28, 2004, and became final 90 days thereafter, on October 26, 2004. See Rhine v. Boone, 182 F.3d 1153, 1155 (10th Cir. 1999). Mr. Jones filed his federal habeas petition on December 20, 2008, well after the one-year limitation period in 28 U.S.C. § 2244(d)(1).

The district court adopted the thorough report and recommendation of the magistrate judge, which concluded that Mr. Jones's petition was untimely, and was not saved by statutory or equitable tolling. On appeal, Mr. Jones renews his arguments, including the merits, and contends that he is actually innocent and that the state must show a lack of diligence and prejudice before it can prevail on a laches defense citing Costello v. United States, 365 U.S. 265, 282 (1961). As to the laches argument, we doubt that laches applies in this context given a statutory limitation period which Mr. Jones cannot meet and the district court's rejection of equitable tolling. See United States v. Marolf, 173 F.3d 1213, 1217-18 (9th Cir. 1999). That said, we do not think that the disposition on limitations grounds is reasonably debatable. See Slack, 529 U.S. at 483-84.

We DENY a COA, IFP status, and DISMISS the appeal.

Entered for the Court

Paul J. Kelly, Jr.
Circuit Judge