**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| CHRISTOPHER MICHAEL CRAIG, | No. 08-15579 |
| Petitioner - Appellant, | D.C. No. 2:08-CV-00110-LRH-PAL |
| v. | |
| UNITED STATES OF AMERICA, | MEMORANDUM[*] |
| Respondent - Appellee. | |

Appeal from the United States District Court
for the District of Nevada
Larry R. Hicks, District Judge, Presiding

Submitted March 16, 2010[**]

Before:     SCHROEDER, PREGERSON, and RAWLINSON, Circuit Judges.

Christopher Michael Craig appeals pro se from the district court's order

denying his motion under Rule 41(g) of the Federal Rules of Criminal Procedure

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

IL/Research

08-15579

seeking return of his Hummer vehicle seized by the Federal Bureau of Investigation. We have jurisdiction under 28 U.S.C. § 1291. We review de novo. *United States v. Marolf*, 173 F.3d 1213, 1216 (9th Cir. 1999). We may affirm on any grounds supported by the record. *ACLU of Nev. v. City of Las Vegas*, 333 F.3d 1092, 1097 (9th Cir. 2003). We affirm.

The exclusive remedy for seeking to set aside a declaration of forfeiture under a civil forfeiture statute is via a motion filed under 18 U.S.C. § 983(e). To prevail on a motion under 18 U.S.C. § 983(e), a movant must show that the government failed to take reasonable steps to provide the movant with notice of the proposed forfeiture and that the movant did not know of or have reason to know of it. 18 U.S.C. § 983(e)(1). It is undisputed here that the government sent by certified mail notices of the proposed civil forfeiture to addresses associated with Craig, including to Craig's attention at his last known address and location of the Hummer when seized, and that it also published notice of the proposed forfeiture for three successive weeks in *The Wall Street Journal*. Consequently the district court did not err by denying Craig's motion, which we construe as having been brought under 18 U.S.C. §983(e).

**AFFIRMED.**

IL/Research

08-15579