FILED

MAY 09 2013

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

|  |  |
|---|---|
| UNITED STATES OF AMERICA, | No. 12-30068 |
| Plaintiff - Appellee, | D.C. No. 2:05-cr-00085-RSM-1 |
| v. | |
| DOUGLAS SPINK, | MEMORANDUM[*] |
| Defendant - Appellant. | |

Appeal from the United States District Court
for the Western District of Washington
Ricardo S. Martinez, District Judge, Presiding

Submitted April 24, 2013[**]
San Francisco, California

Before: SCHROEDER, McKEOWN, and CALLAHAN, Circuit Judges.

Douglas Spink appeals from a district court order directing the government

to erase the hard drives of two computers before returning them to Spink. We

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]    The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

conclude that this condition on returning the computers is reasonable and affirm the district court's order.[1]

"We review the denial of a motion for return of property de novo." *United States v. Harrell*, 530 F.3d 1051, 1057 (9th Cir. 2008) (citing *United States v. Kaczynski*, 416 F.3d 971, 974 (9th Cir.2005)). "We review the district court's factual findings for clear error." *Id.* (citing *United States v. Marolf*, 173 F.3d 1213, 1216 (9th Cir. 1999)). Once seized property is no longer needed for evidentiary purposes, "'[t]he person from whom the property is seized is presumed to have a right to its return, and the government has the burden of demonstrating that it has a legitimate reason to retain the property.'" *Id.* (quoting *United States v. Martinson*, 809 F.2d 1364, 1369 (9th Cir. 1987)).

Here, there appears to be no question that Spink is entitled to the return of the two computers. The only issue is whether the district court could direct that the computer hard drives be erased before the computers were returned to Spink. The record reflects that the government had a legitimate reason for seeking an order allowing the erasure of the computers' hard drives. There was substantial evidence that Spink was a skilled computer technician, who had used his computer skills to

---

[1] Because the parties are familiar with the facts and procedural history, we restate them here only as necessary to explain our decision.

violate the conditions of his supervised release. Among the provisions of Spink's supervised release, which are not at issue in this appeal, are the following:

> The defendant shall not possess or peruse any authentic, altered, or manufactured, in whatever form, material that depicts and/or describes "bestiality", zoophilia or any sexual conduct involving animals except as approved in advance by his probation officer.

> The defendant shall allow a probation officer to inspect any personal computer owned and operated by the defendant.

> The defendant shall consent to the United States Probation Office conducting ongoing monitoring of his/her computer(s), hardware, and software. The monitoring may include the installation, at the defendant's expense, of hardware or software systems which allow evaluation of his/her computer use. Monitoring may also include the retrieval and copying of all data from his/her computer(s) or other electronic devices/media. The defendant shall also comply with the requirements of the United States Probation Computer Monitoring Program as directed.

> The defendant shall shut down all websites owned, operated, or under his control that promote or contain zoophilia, bestiality or any sexual act with animal[s] to include, but not limited to [52 specifically listed websites].

The government professed that it could not determine whether the computers' hard drives appeared to be blank because they had been erased or because they contained encrypted information that the government could not access. This uncertainty favors the order allowing the government to erase the hard drives. If the hard drives have been erased, there is no harm to Spink from the

3

government wiping the hard drives again before it returns the computers.

However, if there is encrypted data, Spink presumably has the ability to access those materials, and he has not offered to access the files in the presence of the Probation Office. Moreover, if the hard drives contain encrypted materials, those materials are likely to be the type of materials that Spink is prohibited from possessing under the conditions of his supervised release.

The district court's order is **AFFIRMED**.