United States v. Larkins (Sampson)

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

# <u>AMENDED SUMMARY ORDER</u>

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 8th day of November, two thousand sixteen.

**PRESENT:**

> **AMALYA L. KEARSE,**
> **DENNIS JACOBS,**
> **RAYMOND J. LOHIER, JR.,**
> *Circuit Judges.*

_____

**United States of America,**

>*Appellee*,

>**v.**                                                                                                  **14-1863**

**Priscilla Larkins,**

>*Defendant,*

**Juma Sampson,**

>*Defendant-Appellant.*

_____

| | |
|---|---|
| **FOR APPELLANT:** | Juma Sampson, pro se, Minersville, PA. |
| **FOR APPELLEE:** | Monica Jeanette Richards, Assistant United States Attorney, *for* William J. Hochul, United States Attorney for the Western District of New York. |

Appeal from an order of the United States District Court for the Western District of New York (Larimer, *J*.).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the order of the district court is **AFFIRMED** insofar as it denied a belated request for an amended judgment; and the district court is instructed to enter an order directing the government to refund to Sampson the sum of $200 with respect to the two counts against him that were dismissed.

Appellant Juma Sampson, pro se, appeals from the district court's denial of his motion, filed in 2014, seeking a new sentencing hearing, the issuance of an amended judgment of conviction, and refund of special assessment fees. Sampson's 2002 conviction was partially vacated by this Court in 2004, and the district court, on motion of the government, dismissed those two counts in June 2005. Sampson filed a 28 U.S.C. § 2255 motion in January 2006, which was denied, and this Court granted in part and denied in part his motion for a certificate of appealability. On remand, the district court denied all relief, and this Court denied his motion for a certificate of appealability. We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal.

Upon review, we conclude that Sampson's motion is best construed as a successive § 2255 motion because it challenged both the propriety of his judgment of conviction and his sentence. *See Jiminian v. Nash*, 245 F.3d 144, 146-47 (2d Cir. 2001) ("§ 2255 is generally the proper vehicle for a federal prisoner's challenge to his conviction and sentence"). A district court may consider a successive § 2255 motion only if the movant first obtains from this Court an order authorizing consideration of the successive motion. *See* 28 U.S.C. § 2255(h). "[W]hen a second or successive petition for habeas corpus relief or § 2255 motion is filed in a district court without [such authorization], the district court should transfer the petition or motion to this Court in the interest of justice pursuant to [28 U.S.C. § 1631]." *Liriano v. United States*, 95 F.3d 119, 123 (2d Cir. 1996). Notwithstanding this directive, the district court did not commit reversible error by denying, rather than transferring, Sampson's motion because transfer to this Court would have been futile.

We are required to dismiss any claim made in a proposed successive § 2255 motion, unless it is based on: (1) newly discovered evidence that would establish that no reasonable factfinder would have found the movant guilty of the offense; or (2) a new rule of constitutional law, made

2

retroactive to cases on collateral review by the Supreme Court, that was previously unavailable. *See* 28 U.S.C. § 2255(h). A claim that was presented in a prior § 2255 motion must also be dismissed. *See Gallagher v. United* States, 711 F.3d 315, 315 (2d Cir. 2013). We consider Sampson to have abandoned his claim of entitlement to a new sentencing hearing because his brief does not pursue that claim. Sampson claims that he was entitled to an amended judgment specifying that two counts against him were dismissed; but that claim was previously raised and does not meet the successive-motion requirements. Sampson therefore presents no non-frivolous challenge to the district court's denial of his motion.

To the extent that Sampson's request for the issuance of an amended judgment may be construed as a request to correct a clerical error under Federal Rule of Criminal Procedure 36 instead of a challenge to his underlying conviction, his claim would be barred by the law of the case, under which doctrine a court may not reconsider "issues that were decided—or that could have been decided—during prior proceedings" in the same case. *United States v. Williams,* 475 F.3d 468, 471 (2d Cir. 2007). Because Sampson has raised this argument previously and it was denied, the claim is barred.

Notwithstanding the law-of-the-case doctrine, this Court has the power to reconsider a prior ruling if "there has been an intervening change of controlling law, new evidence has become available, *or there is a need to correct a clear error or prevent manifest injustice*." *United States v. Minicone*, 26 F.3d 297, 300 (2d Cir. 1994) (quotation marks omitted) (emphasis added). We exercise that power with respect to Sampson's claim that he is entitled to a refund of $200—the special assessments he paid on account of the two counts of conviction that were subsequently vacated and dismissed—and we hold that he is entitled to such a refund.

We have considered all of Sampson's other arguments and find them to be without merit. Accordingly, we **AFFIRM** the order of the district court insofar as it denied Sampson's belated request for an amended judgment. However, we instruct that an order be entered directing the government to refund to Sampson the sum of $200.

FOR THE COURT:

Catherine O'Hagan Wolfe, Clerk

3